UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

Plaintiff,

v.

Case No. 20CR037

TODD J. NAZE,

Green Bay Division

Defendant.

## PLEA AGREEMENT

1.     The United States of America, by its attorneys, Matthew Krueger, United States Attorney for the Eastern District of Wisconsin, and William Roach, Assistant United States Attorney, and the defendant, Todd J. Naze, individually and by attorney Shane Brabazon, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, enter into the following plea agreement:

### CHARGES

2.     The defendant has been charged in an eight count indictment, which alleges violations of Title 18, United States Code, Sections 2251(a) and (e).

3.     The defendant has read and fully understands the charges contained in the indictment. He fully understands the nature and elements of the crimes with which he has been charged, and the charges and the terms and conditions of the plea agreement have been fully explained to him by his attorney.

4.     The defendant voluntarily agrees to plead guilty to the following counts set forth in full as follows:

## COUNT ONE

**THE GRAND JURY CHARGES THAT:**

On or about October 30, 2018, in the State and Eastern District of Wisconsin,

### TODD J. NAZE

knowingly and intentionally used a minor, Minor Female One, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, to wit: Img_3642.mov., using materials that had been mailed, shipped, and transported in interstate and foreign commerce, specifically, an iPod used as a hidden recording device and an external storage device containing the depiction.

In violation of Title 18, United States Code, Section 2251(a) and (e).

## COUNT TWO

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about October 30, 2018, in the State and Eastern District of Wisconsin,

### TODD J. NAZE

knowingly and intentionally used a minor, Minor Female One, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, to wit: Img_3642_moment2.jpg., using materials that had been mailed, shipped, and transported in interstate and foreign commerce, specifically, an iPod used as a hidden recording device and an external storage device containing the depiction.

In violation of Title 18, United States Code, Section 2251(a) and (e).).

5.       The defendant acknowledges, understands, and agrees that he is, in fact, guilty of the offenses described in paragraph 4. The parties acknowledge and understand that if this case were to proceed to trial, the government would be able to prove the following facts beyond a

2

reasonable doubt. The defendant admits that these facts are true and correct and establish his

guilt beyond a reasonable doubt:

On December 31, 2019, Adult Female 1 contacted Brown County Sheriff's Department to report a domestic disturbance involving Todd Naze. Adult Female 1 stated they argued about Naze's hard drive she found approximately one year ago that contained sexually explicit movie and image files of females using the bathroom at Southwest High School in Green Bay, Wisconsin. In the process of doing so, the females he recorded exposed their pubic and genital area. The video files appeared to have been created from a camera hidden in the bathroom and vary in length from approximately 40 minutes, containing video of multiple women, to videos of shorter duration. Adult Female 1 stated the hard drive provided to law enforcement is a copy that she made of Naze's hard drive. Adult Female 1 recognized Naze, a counselor at Southwest High School, as setting up the recording device in the beginning of some movie files. Adult Female 1 said that on multiple occasions she caught Naze viewing adult pornography.

Law enforcement obtained consent from Adult Female 1 to search the residence she shared with Naze. Adult Female 1 said that Naze used an IPod with Velcro attached to make the videos. Law enforcement seized several computers and media storage devices from Naze's bedroom.

On January 2, 2020, law enforcement searched Naze's office at Southwest High School, located in the Eastern District of Wisconsin, as well as the bathroom by his office. Law enforcement seized from Naze's office, two iPod devices containing a hook and loop as well as an iPpad and several USB Flash Drive devices. Law enforcement confirmed that a desk was located in the bathroom positioned directly across from the toilet. A desk drawer faced the toilet and contained a small hole in the metal. Inside the drawer, law enforcement observed a hook and loop affixed close to the hole that appeared to correspond with the hook and loop on the iPod devices. Naze's office is directly across the hall from this bathroom.

On January 6, 2020, Green Bay Police Department detectives applied for and received search warrant authorizing the forensic examination of the computers and media storage devices obtained from Naze's residence and office. One of the seized iPod's contained movie files ranging in length from approximately 40 minutes to those of shorter duration.

A GBPD Detective met with approximately thirty females who have identified themselves in either image or movie files capturing the surreptitious recordings of them using the bathroom located near Naze's office. Law enforcement identified seventeen of the females as minors at the time of the recording, seven of which are current students. Law enforcement located approximately 56 folders with different female names or identifying characteristics that are still undetermined. One of the folders was entitled "Z to figure out" and found to contain numerous videos of unidentified females using the bathroom.

GBPD was assisted in the case by a BCSD Sergeant who is trained in the forensic examination of computers and storage media devices for child pornography. The sergeant examined the original hard drive turned over by Adult Female 1 as well as the three flash drive devices seized from Naze's bedroom. Her findings include the following:

3

a. The hard drive copied by Adult Female 1 includes a total of 35 videos and numerous screen capture images as well as non-explicit images of his ex-wives. Those videos covered a time period of September 2017 to February 2018. Most of the videos are approximately 50 minutes in length. Law enforcement identified at least one minor female student on one of the videos. Naze then made 11 screen captures of this image. The clothing is very clearly that of a minor and not an adult staff member.

b. One 64 GB flash drive contained approximately 116 images of females being secretly recorded exposing their pubic area while using the toilet in a single stall bathroom, consistent with the appearance of the Southwest High School bathroom by Naze's office.

c. One 128 GB flash drive contained approximately 347 videos of unidentified females being secretly recorded exposing their pubic area while using the toilet in that Southwest High School bathroom. Additionally, the flash drive contained approximately 74 screen capture images from the above described videos. The screen capture image files can generally be described as still images of the most sexually explicit part of the video depicting females exposing their pubic area while using the toilet.

d. One 128 GB flash drive contained 3,425 files, the majority of which depicted females using the toilet in the Southwest High School bathroom. Sgt. Holschbach identified 1,952 videos and 480 image files. The files on the flash drive were divided into 56 folders. Many of the folders were titled with a females name or other identifying characteristic. The sergeant located image and movie files unique to that particular female in the folder along with in some instances a photograph of the female. As stated above, many of the females appeared to be current or previous Southwest High School students.

e. According to metadata contained within some of the movie and image files Naze produced, the dates of creation of some of the movies/images ranged from between 2018 and 2019. Further, the metadata associated with the image/movie files references an iPod as the original device. Some of the screen captures include iPod and a corresponding time in the border surrounding the image. Naze likely transferred the images to a laptop as the forensic review of his laptop includes thumbnail images of the victims. As discussed above, Naze then transferred the images from the laptop to various external drives seized from his bedroom. Each of these devices was used in the production of child pornography.

f. In general, the videos of the minor females depict the minor from the waist down and only in camera view when directly in front of the toilet. The video recording captures the minor pulling down her pants and sitting on the toilet, wiping her genital area with toilet paper before standing up, pulling up her pants and exiting the camera view. Often, there are one or more screen capture image files of the most explicit moment where the genitals or pubic area is exposed. In some of the videos, the minor is captured removing or inserting a tampon. In some of those instances, there are one or more screen capture files of that act. Some of the specific identified Minor Females and associated folder containing movie/image files are more specifically described as follows:

(1) Minor Female 1- folder containing 8 videos taken between September 2018 and May 2019, as well as 6 screen captures from those videos. One movie file is 1 minute and twelve seconds in length and entitled *Img_3642.mov*- produced on

4

October 30, 2018. (**Count One**). The movie depicts the lower torso of Minor Female 1 entering the Southwest High School bathroom, pulling down her pants exposing her pubic area, sitting on the toilet and then using toilet paper to wipe her genital area. Minor Female 1 pulls up her pants and exits camera view. Minor Female 1 identified herself in one or more videos based on her clothing as her upper torso and face are not visible. The folder also contains a screen capture produced on that same date named *Img_3642_moment2.jpg*. (**Count Two**). This image depicts the lower torso of Minor Female 1 with her pubic area visible and the focal part of the image.

Naze agrees that he produced the aforementioned images, that he knew contained sexually explicit images of minors, using his computer and iPod. Thus, the images were produced using materials traveling in interstate commerce, including by computer. Further, Naaze agrees that the images meet the federal definition of sexually explicit

This information is provided for the purpose of setting forth a factual basis for the plea of guilty. It is not a full recitation of the defendant's knowledge of, or participation in these offenses.

## PENALTIES

6.      The parties understand and agree that the offenses to which the defendant will enter a plea of guilty carry the following maximum term of imprisonment and fine: 30 years and $250,000.  The counts also carries a mandatory minimum 15 year term of imprisonment and at least 5 years of supervised release, and a maximum of life supervised release. The counts also carry a $100 special assessment. The parties further recognize that a restitution order may be entered by the court.

7.      The defendant acknowledges, understands, and agrees that he has discussed the relevant statutes as well as the applicable sentencing guidelines with his attorney.

## ELEMENTS

8.      The parties understand and agree that in order to sustain the charge of production of Child Pornography, in violation of Title 18, United States Code, Section 2251(a), as set forth in Counts One and Two of the Indictment, the government must prove each of the following propositions beyond a reasonable doubt:

5

**First**, at the time, Minor Female was under the age of eighteen years;

**Second**, that the defendant, for purposes of producing a visual depiction of such conduct, employed, used, persuaded or coerced Minor Female to take part in sexually explicit conduct; and

**Third**, the defendant knew or had reason to know that such visual depiction was produced using materials that had been mailed, shipped, transported in interstate and foreign commerce by any means, including by computer.

*Sexually explicit conduct* is defined as actual or simulated sexual intercourse, including genital-genital, oral-genital, masturbation, or lascivious exhibition of the genitals or pubic area of any person. 18 U.S.C. § 2256(2)(A). In establishing whether an image is lascivious, the focus of the image must be on the genitals or the image must be otherwise sexually suggestive. *United States v. Miller*, 829 F.3d 519 (7th Cir. 2016). In making this determination, the fact finder will look to the image itself as well as the creator's intent in making the video.

7th Cir. Jury Instruction

## DISMISSAL OF OTHER CHARGES

9.     The government agrees to dismiss the other charges alleged in the indictment at the time of sentencing in the above matter.

## SENTENCING PROVISIONS

10.     The parties agree to waive the time limits in Fed. R. Crim. P. 32 relating to the presentence report, including that the presentence report be disclosed not less than 35 days before the sentencing hearing, in favor of a schedule for disclosure, and the filing of any objections, to be established by the court at the change of plea hearing.

11.     The parties acknowledge, understand, and agree that any sentence imposed by the court will be pursuant to the Sentencing Reform Act, and that the court will give due regard to the Sentencing Guidelines when sentencing the defendant.

12.     The parties acknowledge and agree that they have discussed all of the sentencing guidelines provisions which they believe to be applicable to the offense set forth in paragraph 4.

6

The defendant acknowledges and agrees that his attorney in turn has discussed the applicable sentencing guidelines provisions with him to the defendant's satisfaction.

13.     The parties acknowledge and understand that prior to sentencing the United States Probation Office will conduct its own investigation of the defendant's criminal history. The parties further acknowledge and understand that, at the time the defendant enters a guilty plea, the parties may not have full and complete information regarding the defendant's criminal history. The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentencing court's determination of the defendant's criminal history.

### Sentencing Guidelines Calculations

14.     The parties acknowledge, understand, and agree that the sentencing guidelines calculations included in this agreement represent the positions of the parties on the appropriate sentence range under the sentencing guidelines. The defendant acknowledges and understands that the sentencing guidelines recommendations contained in this agreement do not create any right to be sentenced within any particular sentence range, and that the court may impose a reasonable sentence above or below the guideline range. The parties further understand and agree that if the defendant has provided false, incomplete, or inaccurate information that affects the calculations, the government is not bound to make the recommendations contained in this agreement.

### Relevant Conduct

15.     The parties acknowledge, understand, and agree that pursuant to Sentencing Guidelines Manual § 1B1.3, the sentencing judge may consider relevant conduct in calculating the sentencing guidelines range, even if the relevant conduct is not the subject of the offenses to which the defendant is pleading guilty.

7

## Base Offense Level

16.    The parties acknowledge and understand that the government will recommend to the sentencing court that the applicable base offense level for the offenses charged in Count One and Two is 32 under Sentencing Guidelines Manual § 2G2.1.

## Specific Offense Characteristics

17.    The parties acknowledge and understand that the government will recommend the sentencing court impose a two-level increase because the material involves a minor over 12 and under 16 years of age under Sentencing Guidelines Manual § 2G2.1(b)(1).

## Acceptance of Responsibility

18.    The government agrees to recommend a two-level decrease for acceptance of responsibility as authorized by Sentencing Guidelines Manual § 3E1.1(a), but only if the defendant exhibits conduct consistent with the acceptance of responsibility. In addition, if the court determines at the time of sentencing that the defendant is entitled to the two-level reduction under § 3E1.1(a), the government agrees to make a motion recommending an additional one-level decrease as authorized by Sentencing Guidelines Manual § 3E1.1(b) because the defendant timely notified authorities of his intention to enter a plea of guilty.

## Sentencing Recommendations

19.    Both parties reserve the right to provide the district court and the probation office with any and all information which might be pertinent to the sentencing process, including but not limited to any and all conduct related to the offenses as well as any and all matters which might constitute aggravating or mitigating sentencing factors.

20.    Both parties reserve the right to make any recommendation regarding any and all factors pertinent to the determination of the sentencing guideline range; the fine to be imposed; the amount of restitution and the terms and condition of its payment; the length of supervised

8

release and the terms and conditions of the release; the defendant's custodial status pending the sentencing; and any other matters not specifically addressed by this agreement.

21.     The government agrees to recommend a total sentence of 15 years' imprisonment on both Counts One and Two, with the terms running concurrent to one another. The government further agrees to recommend a 10 year term of supervised release to follow this period of imprisonment. The parties are free to make any recommendation as to the imposition of fine, and/or other terms of his sentence consistent with this agreement.

### FURTHER AGREEMENT AS TO CHARGES

22.     The government further agrees not to file additional production of child pornography charges or other child exploitation related charges against the defendant involving any other Minor Females stemming from its investigation in this case.

### Court's Determinations at Sentencing

23.     The parties acknowledge, understand, and agree that neither the sentencing court nor the United States Probation Office is a party to or bound by this agreement. The United States Probation Office will make its own recommendations to the sentencing court. The sentencing court will make its own determinations regarding any and all issues relating to the imposition of sentence and may impose any sentence authorized by law up to the maximum penalties set forth in paragraph 6.  The parties further understand that the sentencing court will be guided by the sentencing guidelines but will not be bound by the sentencing guidelines and may impose a reasonable sentence above or below the calculated guideline range.

24.     The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentence imposed by the court.

### FINANCIAL MATTERS

9

25.     The defendant acknowledges and understands that any and all financial obligations imposed by the sentencing court are due and payable in full upon entry of the judgment of conviction or upon further order of the court.  The defendant agrees not to request any delay or stay in payment of any and all financial obligations.  The defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments.

26.     The defendant agrees to provide to the Financial Litigation Unit (FLU) of the United States Attorney's Office, upon request of the FLU during any period of probation or supervised release imposed by the court, a complete and sworn financial statement on a form provided by FLU and any documentation required by the form.

### Fine

27.     The government will recommend to the sentencing court that no fine be imposed against the defendant.

### Special Assessment

28.     The defendant agrees to pay the special assessment in the amount of $200 prior to or at the time of sentencing, or upon further order of the court.

### Additional Assessment

29.     If the defendant is determined to be non-indigent, the court must impose a $5,000 special assessment for each count of conviction pursuant to 18 U.S.C. 3014(a)(3). This amount cannot be reduced and it applies to offenses committed after the date of May 29, 2015.

### Restitution

30.     The parties acknowledge and understand that the government may recommend to the sentencing court that the defendant pay restitution should a request be made by a victim in this case.  The defendant understands that because restitution for the offenses is mandatory, the

10

amount of restitution shall be imposed by the court regardless of the defendant's financial resources. The defendant agrees to cooperate in efforts to collect the restitution obligation. The defendant understands that imposition or payment of restitution will not restrict or preclude the filing of any civil suit or administrative action.

### Forfeiture

31.     The defendant agrees that all computers, external hard drives, electronic recording devices, and storage disks seized by law enforcement were used to facilitate the offense of conviction.  The defendant agrees to the forfeiture of these properties and to the immediate entry of a preliminary order of forfeiture. The defendant agrees that he has an interest in each of the listed properties. The parties acknowledge and understand that the government reserves the right to proceed against assets not identified in this agreement.

### DEFENDANT'S WAIVER OF RIGHTS

32.     In entering this agreement, the defendant acknowledges and understands that in so doing he surrenders any claims he may have raised in any pretrial motion, as well as certain rights which include the following:

  a.  If the defendant persisted in a plea of not guilty to the charges against him, he would be entitled to a speedy and public trial by a court or jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the government and the judge all must agree that the trial be conducted by the judge without a jury.

  b.  If the trial is a jury trial, the jury would be composed of twelve citizens selected at random. The defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of guilty. The court would instruct the jury that the defendant is presumed innocent until such time, if ever, as the government establishes guilt by competent evidence to the satisfaction of the jury beyond a reasonable doubt.

11

c. If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not he was persuaded of defendant's guilt beyond a reasonable doubt.

d. At such trial, whether by a judge or a jury, the government would be required to present witnesses and other evidence against the defendant. The defendant would be able to confront witnesses upon whose testimony the government is relying to obtain a conviction and he would have the right to cross-examine those witnesses. In turn the defendant could, but is not obligated to, present witnesses and other evidence on his own behalf. The defendant would be entitled to compulsory process to call witnesses.

e. At such trial, defendant would have a privilege against self-incrimination so that he could decline to testify and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify on his own behalf.

33.     The defendant acknowledges and understands that by pleading guilty he is waiving all the rights set forth above. The defendant further acknowledges the fact that his attorney has explained these rights to him and the consequences of his waiver of these rights. The defendant further acknowledges that as a part of the guilty plea hearing, the court may question the defendant under oath, on the record, and in the presence of counsel about the offense to which the defendant intends to plead guilty. The defendant further understands that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement.

34.     The defendant acknowledges and understands that he will be adjudicated guilty of the offense to which he will plead guilty and thereby may be deprived of certain rights, including but not limited to the right to vote, to hold public office, to serve on a jury, to possess firearms, and to be employed by a federally insured financial institution.

35.     The defendant knowingly and voluntarily waives all claims he may have based upon the statute of limitations, the Speedy Trial Act, and the speedy trial provisions of the Sixth Amendment. The defendant agrees that any delay between the filing of this agreement and the entry of the defendant's guilty plea pursuant to this agreement constitutes excludable time under the Speedy Trial Act.

12

## Further Civil or Administrative Action

36. The defendant acknowledges, understands, and agrees that the defendant has discussed with his attorney and understands that nothing contained in this agreement, including any attachment, is meant to limit the rights and authority of the United States of America or any other state or local government to take further civil, administrative, or regulatory action against the defendant, including but not limited to any listing and debarment proceedings to restrict rights and opportunities of the defendant to contract with or receive assistance, loans, and benefits from United States government agencies.

## MISCELLANEOUS MATTERS

37. Pursuant to 18 U.S.C. § 3583(d), the defendant has been advised and understands the court shall order as a mandatory condition of supervised release, that the defendant comply with state sex offender registration requirements. The defendant also has been advised and understands that under the Sex Offender Registration and Notification Act, a federal law, he must register and keep the registration current in each of the following jurisdictions: the location of his residence; the location of his employment; and, if he is a student, the location of his school. Registration will require that the defendant provide information that includes, name, residence address, and the names and addresses of any places at which he will be an employee or a student. The defendant understands that he must update his registration not later than three business days after any change of name, residence, employment, or student status. The defendant understands that failure to comply with these obligations may subject him to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine and/or imprisonment.

13

## GENERAL MATTERS

38.     The parties acknowledge, understand, and agree that this agreement does not require the government to take, or not to take, any particular position in any post-conviction motion or appeal.

39.     The parties acknowledge, understand, and agree that this plea agreement will be filed and become part of the public record in this case.

40.     The parties acknowledge, understand, and agree that the United States Attorney's office is free to notify any local, state, or federal agency of the defendant's conviction.

41.     The defendant understands that pursuant to the Victim and Witness Protection Act, the Justice for All Act, and regulations promulgated thereto by the Attorney General of the United States, the victim of a crime may make a statement describing the impact of the offense on the victim and further may make a recommendation regarding the sentence to be imposed. The defendant acknowledges and understands that comments and recommendations by a victim may be different from those of the parties to this agreement. The defendant further agrees that these rights extend to other victims in this case that are not included in offenses of conviction.

## EFFECT OF DEFENDANT'S BREACH OF PLEA AGREEMENT

42.     The defendant acknowledges and understands if he violates any term of this agreement at any time, engages in any further criminal activity prior to sentencing, or fails to appear for sentencing, this agreement shall become null and void at the discretion of the government. The defendant further acknowledges and understands that the government's agreement to dismiss any charge is conditional upon final resolution of this matter. If this plea agreement is revoked or if the defendant's conviction ultimately is overturned, then the government retains the right to reinstate any and all dismissed charges and to file any and all charges which were not filed because of this agreement. The defendant hereby knowingly and

14

voluntarily waives any defense based on the applicable statute of limitations for any charges filed against the defendant as a result of his breach of this agreement. The defendant understands, however, that the government may elect to proceed with the guilty plea and sentencing.

## VOLUNTARINESS OF DEFENDANT'S PLEA

43.     The defendant acknowledges, understands, and agrees that he will plead guilty freely and voluntarily because he is in fact guilty. The defendant further acknowledges and agrees that no threats, promises, representations, or other inducements have been made, nor agreements reached, other than those set forth in this agreement, to induce the defendant to plead guilty.

## ACKNOWLEDGMENTS

I am the defendant. I am entering into this plea agreement freely and voluntarily. I am not now on or under the influence of any drug, medication, alcohol, or other intoxicant or depressant, whether or not prescribed by a physician, which would impair my ability to understand the terms and conditions of this agreement. My attorney has reviewed every part of this agreement with me and has advised me of the implications of the sentencing guidelines. I have discussed all aspects of this case with my attorney and I am satisfied that my attorney has provided effective assistance of counsel.

Date: _____        _____
                                     TODD NAZE
                                     Defendant


I am the defendant's attorney. I carefully have reviewed every part of this agreement with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

Date: 7-29-2020

SHANE BRABAZON
Attorney for Defendant

For the United States of America:

Date: 7/27/20

MATTHEW KRUEGER
United States Attorney

Date: 7/29/20

WILLIAM ROACH
Assistant United States Attorney

17